**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MYKHAYLO TRETYAK, | No.   19-71476 |
| Petitioner, | Agency No. A095-584-595 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 5, 2020[**]

Before:     SCHROEDER, HAWKINS, and LEE, Circuit Judges.

Mykhaylo Tretyak, a native of the U.S.S.R. and citizen of Ukraine, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reopen and reconsider.  We have jurisdiction under 8 U.S.C. § 1252.  We

review for abuse of discretion the denial of a motion to reopen or reconsider and

review de novo questions of law.  *Toor v. Lynch*, 789 F.3d 1055, 1059 (9th Cir.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2015); *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny the petition for review.

The BIA did not abuse its discretion in denying Tretyak's untimely motion for failure to demonstrate he acted with the due diligence required for equitable tolling. *See* 8 U.S.C. § 1229a(c)(6)-(7); *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (due diligence depends on when a reasonable person would suspect the attorney's misconduct and whether the petitioner took reasonable steps to investigate prior counsel's suspected error, or, if petitioner was ignorant of counsel's shortcomings, made reasonable efforts to pursue relief).

Tretyak has not established that the BIA overlooked any contentions. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED.**